<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSEANNE O'BRIEN VOGEL,<br><br>        Plaintiff,<br><br>    v.<br><br>LORRAINE O'BRIEN<br>ROSENBLATT,<br>        Defendant. | Civil Action No. 15-2715 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Defendant Lorraine O'Brien Rosenblatt's ("Defendant") motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Roseanne O'Brien Vogel's ("Plaintiff") pro se complaint regarding the conveyance of a parcel of property. (ECF No. 3.) Plaintiff filed an affidavit in opposition (ECF No. 4), and Defendant replied (ECF No. 5). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. Because the Court lacks subject matter jurisdiction, it will sua sponte dismiss the Complaint and deny as moot Defendant's motion to dismiss.

**I.    Background**

Plaintiff and Defendant are sisters, and this matter arises from a dispute as to the distribution of a parcel of property (the "Property") that was owned by their now deceased parents. Plaintiff contends that pursuant to their parents' wills[1], she is the true owner of one-third of the

---

[1] Plaintiff asserts that the wills have not been submitted for probate. (Pl.'s Opp'n Br. 6, ECF No. 4.)

Property. (*See generally* Compl., ECF No. 1) Defendant, however, argues that pursuant to a "Deed," which their parents executed on the same day as their wills, their parents conveyed ownership of the Property to her and any action to reform the Deed is untimely. (Def.'s Moving Br. 3-5, ECF No. 3-1.)

## II.   Analysis

Before considering Defendant's motion to dismiss, the Court must determine whether it has subject matter jurisdiction. Federal courts, as courts of limited jurisdiction, may not decide a matter in the absence of federal subject matter jurisdiction. *See Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Here, the Court finds that the probate exception to federal jurisdiction divests this Court of subject matter jurisdiction. "The probate exception is a jurisdictional limitation on the federal courts originating from the original grant of jurisdiction in the Judiciary Act of 1789." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 226 (3d Cir. 2008). Under this exception, federal courts do not have jurisdiction over "the probate or annulment of a will [or] the administration of a decedent's estate." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).

Here, Plaintiff contends that pursuant to their wills, it was the "intent of the parents to leave the [P]roperty to the[ir] four[2] children to be shared equally and in equal proportions." (Compl. 3.) While Plaintiff acknowledges that her parents "put [Defendant] in a position of trust," Plaintiff does not contend that Defendant exerted undue influence over her parents nor does she assert a claim for tortious interference or seek an in personam judgment against Defendant. (*Id.* at 4.) On the contrary, Plaintiff asserts only that her parents' true intent, which is evidenced by their wills, was to bequeath the Property to their children in equal shares. (*Id.*) Thus, Plaintiff effectively

---

[2] Plaintiff's brother, John M. O'Brien, died on July 6, 2009. (Compl. 3.)

2

seeks probate of her parents' wills. "The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate . . . ." *Marshall*, 547 U.S. at 311; *see also Estate of Czarnetzki v. Andrews*, No. 12-6923, 2012 WL 5869159, at *2 (D.N.J. Nov. 19, 2012) (finding that a claim that required court to "decid[e] what belongs to the Estate" fell within probate exception); *Berman v. Berman*, No. 07-2506, 2009 WL 1617758, at *2 (D.N.J. June 9, 2009) (finding lack of federal jurisdiction because the theory of the defendant's affirmative defense required the court to find that "the will underlying Plaintiff's claim is void and unenforceable, . . . [and thus] would call upon the Court to determine whether or not to 'annul a will'") (citing *Three Keys Ltd.*, 540 F.3d at 277). Accordingly, the probate exception divests this Court of subject matter jurisdiction over Plaintiff's Complaint.

### III.   Conclusion

For the reasons set forth above, the Court will sua sponte dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, and Defendant's Motion to Dismiss is denied as moot. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** January 20th, 2016